IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10193
Summary Calendar

_____

MIGUEL SALDANA,

Plaintiff-Appellant,

versus

ALLAN B. POLUNSKY; WAYNE SCOTT, Director;
RONALD DREWRY; CRAIG A. RAINES,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-274
- - - - - - - - - -
July 10, 1997
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Miguel Saldana, Texas prisoner #669276, filed this civil rights lawsuit, pursuant to 42 U.S.C. § 1983, against Allan Polunsky, Chairman, Texas Board of Criminal Justice; Wayne Scott, Director, Texas Department of Criminal Justice; Ronald Drewry, Warden; and Craig A. Raines, Assistant Warden, alleging that the defendants instituted a policy that allows punishment of inmates without a prior determination of guilt through due process.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saldana also asserts, for the first time, that the policy allows prison officials to inflict corporal punishment on inmates.

Saldana admits that he does not challenge his custody classification. Saldana also admits that he received notice and hearings concerning his disciplinary charges and was found guilty.

Saldana has not demonstrated that the policy is so deficient that the policy itself is a repudiation of constitutional rights. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). The changes in Saldana's conditions of confinement, resulting from the implementation of the policy, do not constitute an "atypical and significant hardship on [Saldana] in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). Further, prison authorities have discretion to place an inmate in segregated facilities pending investigation into charges of misconduct, provided that the inmate is given notice and an informal hearing within a reasonable time. See Hewitt v. Helms, 459 U.S. 460, 476 (1983). Accordingly, Saldana has not demonstrated the violation of a constitutional right, which is required to obtain relief under § 1983. Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988).

To the extent that Saldana is challenging the policy on behalf of other inmates, Saldana has no standing to assert the rights of other inmates for any deprivation they may have suffered. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975)

(plaintiff must assert his own legal rights and interests and cannot rest his claim on the rights and interests of others).

The decision of the district court is AFFIRMED.